UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILLY DRIVER,

        Plaintiff,

v.

BALANON, et al.,

        Defendants.

Case No. 24-cv-03358-JD

**ORDER TO SHOW CAUSE**

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also filed a motion to proceed in forma pauperis ("IFP"), but it appears that he is three strikes barred and cannot proceed IFP pursuant to 28 U.S.C. § 1915(g), unless he is under imminent danger of serious physical injury.

The Prison Litigation Reform Act of 1995 ("PLRA"), provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The plain language of the imminent danger clause in Section 1915(g) states that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The Ninth Circuit has found that "the imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The Ninth Circuit adopted the Second Circuit's "nexus test" from *Pettus v. Morgenthau*, 554 F.3d 293, 299 (2d Cir. 2009). The

factors are (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. *Ray*, 31 F.4th at 701. "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id*.

The following five cases are strikes pursuant to Section 1915(g):

1. *Driver v. Martel*, Case No. 08-cv-1910 GEB EFB (E.D. Cal.) (dismissed for failure to state a claim). The Ninth Circuit affirmed the dismissal for failure to state a claim. *Driver v. Martel*, 395 Fed. Appx. 392 (9th Cir. 2010) (unpublished).

2. *Driver v. Kelso*, Case No. 11-cv-2397 EFB (E.D. Cal.) (dismissed for failure to state a claim). The Ninth Circuit affirmed the dismissal. *Driver v. Kelso*, 514 Fed. Appx. 662 (9th Cir. 2013) (unpublished).

3. *Driver v. EPP*, Case No. 12-cv-589 EFB (E.D. Cal.) (dismissed for failure to state a claim).

4. *Driver v. Judge Susan Illston*, Case No. 13-2508 JST (N.D. Cal.) (dismissed for failure to state a claim).

5. *Driver v. Zamora*, Case No. 14-cv-2170 BRO AGR (C.D. Cal.) (dismissed for failure to state a claim). The Ninth Circuit affirmed the dismissal for failure to state a claim. *Driver v. Zamora*, 621 Fed. Appx. 421 (9th Cir. 2015) (unpublished).

Plaintiff must show cause why the IFP application should not be denied. He may address the strike cases above or demonstrate that he is under imminent danger of serious physical injury.

The Court orders:

1. Plaintiff may show cause within twenty-eight (28) days, why this case should not be deemed three strikes barred and the application to proceed IFP denied. In the alternative, plaintiff may pay the full $405.00 filing fee by the deadline. Failure to show cause or pay the full filing fee will result in the dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b).

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do

1    so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

2    Civil Procedure 41(b).

3    **IT IS SO ORDERED.**

4    Dated: June 17, 2024

									 _____
									 JAMES DONATO
									 United States District Judge